# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANK NELLOM** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **KILOLO KIJAKAZI,[1] Comm. of** | : | **NO. 23-cv-01268-RAL** |
| **Social Security,** | : | |
| **Defendant.** | : | |

**RICHARD A. LLORET**
**U.S. MAGISTRATE JUDGE**                           **November 13, 2023**

## MEMORANDUM OPINION

The Commissioner of Social Security has moved to dismiss Plaintiff Frank

Nellom's ("Mr. Nellom") complaint, alleging that Mr. Nellom failed to exhaust his

administrative remedies. (ECF Doc. No. 13). Mr. Nellom counters that he received an

order from an Administrative Law Judge ("ALJ") on October 12, 2017, granting benefits,

and it is this order upon which he seeks relief. (ECF Doc. No. 14). Mr. Nellom has also

filed two motions for summary judgment, seeking a judgment against the Social Security

Administration reinstating an earlier award of benefits (ECF Doc. Nos. 12, 15). The

Commissioner has not directly addressed the October 2017 granting of benefits in its

motion, arguing that Mr. Nellom filed for benefits in May 2021, was denied, and failed

to attend the scheduled hearing before an ALJ in August 2023. It is this denial of

benefits that is the matter in controversy before me in this case, according to the

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Mr. Nellom filed his action against the "Commissioner of Social Security," however, naming the current Acting Commissioner is the correct procedure in our court.

Commissioner. I agree. For the reasons set forth below, I will grant the Commissioner's motion to dismiss the complaint, and deny Plaintiff's motions for summary judgment.

## PROCEDURAL HISTORY

On May 27, 2021, Mr. Nellom filed an application for Supplemental Security Income under Title XVI of the Social Security Act. *See* ECF Doc. No. 13-1, Declaration of Janay Podraza ("Decl.") at ¶ 3(a); Exhibit 1.[2] The state agency denied Mr. Nellom's application on July 16, 2021, and again on reconsideration on January 5, 2022. Decl. at ¶ 3(b); Exhibit 3. On January 8, 2022, Mr. Nellom filed a request for a hearing by an ALJ, but filed this action on April 5, 2023, before a hearing was scheduled. Decl. at ¶ 3(c); Exhibit 4.[3] On July 14, 2023, the hearing office sent Mr. Nellom a letter acknowledging the hearing request and explaining the hearing process. Decl. at ¶ 3(e); Exhibit 5. On July 19, 2023, Mr. Nellom was sent a notice that a hearing was scheduled for August 2, 2023. Decl. at ¶ 3(e); Exhibit 6. Mr. Nellom failed to appear at the hearing scheduled on August 2, 2023. Decl. at ¶ 3(f). Mr. Nellom's case is still pending at the ALJ level, and an ALJ has not issued a decision in this case. Decl. at ¶ 3(g).

## STANDARDS OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Bell Atl. Corp. v.*

---

[2] I rely upon the procedural history set forth in Ms. Podraza's Declaration because the Commissioner has not filed the record, due to there being no final decision by an ALJ. The Declaration contains a chronology of the steps taken in the case, and attaches as exhibits copies of the various notices sent to Mr. Nellom.
[3] The Complaint filed in this action, ECF Doc. No. 2, does raise the October 2017 award of benefits granted by ALJ Gauffreau, and even attaches as Exhibit A to the Complaint, the last page of the ALJ's decision. ECF Doc. No. 2-1, p. 1. The Complaint also references, however, Mr. Nellom's new application for benefits, dated June 1, 2021, and attached as Exhibit F to the Complaint the first page of the letter from SSA to Mr. Nellom, also dated June 1, 2021, acknowledging receipt of the application for Supplemental Security Income (SSI). ECF Doc. No. 2-1, p. 6.

*Twombly*, 550 U.S. 544, 555–56 (2007), citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must provide the grounds for his entitlement to relief. *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, *e.g.*, *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508, n. 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

"[W]hen presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' *Id*. at 679." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).

## DISCUSSION

## There is no decision ripe for review in this case.

Mr. Nellom contends that he received an award of benefits from an ALJ in October 2017. He has apparently filed the presentaction in an attempt to have that award reinstated. However, he has filed this action after applying for benefits in May of 2021, and it is that filing which is therefore before me. Because Mr. Nellom has not yet proceeded to a hearing before an ALJ (who may, in fact, grant the benefits he seeks), there is no final order for my review, and the action must be dismissed.

Title 42 U.S.C. §§ 405(g) and 1383(c)(3) provide the basis for judicial review of Social Security cases. "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). "The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title." 42 U.S.C.A. § 1383(c)(3).

Because Mr. Nellom has filed his complaint *pro se*, I must liberally construe his pleadings, and will apply the applicable law, irrespective of whether the *pro se* litigant has properly described it. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Despite his *pro se* status, however, plaintiff must still allege sufficient facts in his complaint to support a claim. *See Riddle v. Mondragon,* 83 F.3d 1197, 1202 (10th Cir. 1996). And he may not flout procedural rules—he must abide by the same rules that

apply to all other litigants. *See McNeil v. United States,* 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

The Commissioner argues that, "[b]ecause the requirements in 42 U.S.C. §§ 405(g) and 1383(c)(3) are "non-jurisdictional and may be waived," Federal Rule of Civil Procedure 12(b)(6) is the appropriate basis for a motion to dismiss for failure to exhaust administrative remedies." *See Cope v. Soc. Sec. Admin.*, 532 F. App'x 58, 60, n.2. (3d. Cir. 2013). I agree.

42 U.S.C. § 405(h) provides in relevant part:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided*. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28, United States Code, to recover on any claim arising under this title.

*Id.* (emphasis added). The Commissioner contends in her motion that, "Congress has explicitly mandated that, in claims arising under the Social Security Act, judicial review is permitted only in accordance with the factors identified above." 42 U.S.C. §§ 405(g), (h). *See also Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019) ("Congress made clear that review would be available only 'as herein provided'—that is, only under the terms of § 405(g)." (citing § 405(h) and *Heckler v. Ringer*, 466 U.S. 602, 614 (1984))). The Commissioner further points out that the Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992).

Judicial review is authorized by Section 405(g) only of a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g).

The disconnect here, for the Plaintiff, is that he believes he is appealing a final decision, that is, the October 2017 decision of ALJ Stuart Gauffreau, granting him benefits. He is incorrect. Plaintiff applied anew for benefits in May 2021, failed to attend the scheduled hearing, and now seeks to have this new application for benefits reviewed here. This I cannot do. I likewise cannot grant Mr. Nellom's motions for summary judgment, recently filed at ECF Doc. Nos. 12 and 15, because both motions refer to the earlier grant of benefits in 2017, which is not before me.

Mr. Nellom believes that his original grant of benefits was improperly stopped when he was incarcerated, and that he is entitled to have this court reinstate those benefits. But the Social Security Regulations do not provide for such a procedure, when a claimant attempts to obtain benefits by filing a new claim. This is what Mr. Nellom did here. He therefore must follow through on the administrative steps before he brings his claim to federal court.

The Commissioner has addressed why the requirements of proceeding with the administrative process should not be waived in this case.

> Although the exhaustion requirement may, in certain rare circumstances, be excused, *Smith v. Berryhill*, 139 S. Ct. 1765, 1773 (citing *Bowen v. City of New York*, 476 U.S. 467, 484 (1986); *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)), this case presents no such circumstances. To justify excusing the exhaustion requirement, a plaintiff must demonstrate that three factors are present: (1) the claims in the lawsuit are collateral to claims for benefits; (2) the plaintiff would be irreparably injured were the exhaustion requirement enforced against them; and (3) exhaustion would have been futile. *L.N.P. v. Kijakazi*, 64 F.4th 577, 586 (4th Cir. 2023) (citing *Bowen*, 476 U.S. at 483–85). None—much less all three— of the factors articulated in *Bowen* is present here.

First, and most significantly, Plaintiff's claim here is not collateral to a claim for benefits, it *is* a claim for benefits. *Cf. id.* at 587 (explaining that even "claimed systemic procedural violations" were not collateral when the alleged violations arose from the plaintiff's own claim for benefits). Second, to the extent that proceeding through each step of the administrative process may delay receipt of the benefits Plaintiff feels he is due, such "[e]conomic hardship . . . is not the kind of equitable condition for which courts have excused exhaustion of the administrative process." *Id.* at 588. Third, a request that an additional agency actor assess his claim might well result in the benefits Plaintiff seeks, and, hence, exhaustion cannot be said to be futile. *See id.* at 588–89 (explaining that the policies underlying the exhaustion requirement include preventing premature interference with agency processes so that the agency may . . . have an opportunity to correct its own errors (citing *Bowen*, 476 U.S. at 484) (cleaned up)). In sum, Plaintiff cannot show that his failure to exhaust should be excused.

Motion at 6-7.

I agree with the Commissioner. Mr. Nellom has filed for benefits, but has not followed through with the administrative process by appearing at a hearing before an ALJ. Doing so may result in an award of benefits. Mr. Nellom's Complaint is premature and will be dismissed.

**CONCLUSION**

Because the Plaintiff has not exhausted his administrative remedies, this case is not ripe for a decision in the district court. I will grant the Commissioner's motion to dismiss the Complaint, (ECF Doc. No. 13), without prejudice for the Plaintiff to re-file a complaint if he does not receive relief in the administrative process before the Commissioner. Additionally, I will deny the Plaintiff's two motions for summary judgment. (ECF Doc. Nos. 12, 15). An appropriate order follows.

**BY THE COURT:**


_s/Richard A. Lloret_____
**RICHARD A. LLORET**
**UNITED STATES MAGISTRATE JUDGE**